## ATKIN v. BAIER et al.

(District Court, S. D. Florida.   July 22, 1925.)

No. 331.

1. **Specific performance** ⊕→8—**Not matter of right, but one addressed to sound judicial discretion of court.**

Specific performance of contract is not a matter of right but one addressed to sound judicial discretion of court.

2. **Specific performance** ⊕→32(3)—**Specific performance of contract of agency for division of profits accruing on survey, subdivision, and sale of lands not granted.**

Specific performance of contract of agency for division of profits accruing on survey, subdivision, and sale of lands will not be granted; complainant being under no obligation to survey, subdivide, and sell.

In Equity.   Bill by Scott M. Atkin against Nathan H. Baier and others.   On motion to dismiss.   Motion granted.

G. P Garrett, of Kissimmee, Fla. (P. A. Vans Agnew, of Winter Park, Fla., and Roebuck & Roebuck, of West Palm Beach, Fla., on the brief), for complainant.

J. T. G. Crawford, of Jacksonville, Fla., and Robinson, Fancher & Southard, of West Palm Beach, Fla., for defendants.

CALL, District Judge.   This suit was brought by the complainant, a Canadian by birth and allegiance, against the defendants, citizens of Florida, resident in this district, for the specific performance of two certain contracts, entered into by the assignors of defendants with the complainant. Anna T. Welch was the owner of a one-half interest in certain lands in Palm Beach county, and I. W. Weishuhn was the owner of the other half.   On March 17, 1922, Anna T. Welch, joined by her husband, entered into the contract, Exhibit I to the bill, as to her half of the land, and on March 20, 1922, I. W Weishuhn entered into the contract, Exhibit 2 to the bill, as to his half.

The bill alleges that on June 17, 1922, the Welches and Weishuhn conveyed their interest in the land to one Sadler, and on November 6, 1922, entered into an agreement in regard to the land with Sadler, and on the last-named date by deed conveyed the lands to Sadler; that on March 5, 1924, Sadler assigned to two of the defendants his interest in the lands, and on May 12, 1924, a deed to said lands was made to the defendants Baier and Bartholomew, pursuant to the agreement of March 5, 1924.   On September 23, 1924, Baier and Bartholomew conveyed to Southard and Robinson, the two other defendants, a one-fourth undivided interest in and to said land to each.   The bill of complaint then proceeds to set out certain legal proceedings taken by the Welches and Weishuhn, and the defendants, which prevented the complainant from proceeding sooner to press his claim, one of which proceedings is now pending; the others having been terminated, the latest on October 31, 1924, and the bill of complaint herein was filed November 3, 1924.

The contention in the bill is that Sadler and these defendants each took whatever interest in the lands that he may possess with full knowledge of the rights of the complainant, and stand in the shoes of the parties to the two contracts, and that he is entitled to specific performance of the two contracts. The defendants move to dismiss the bill on various grounds.   The first ground, as I understand it, was abandoned upon the making of the amendment allowed at the hearing.

The question to be decided is. Will a court of equity grant a decree of specific performance upon the facts alleged in the bill?   The answer to this question depends upon the construction of the two contracts sought to be specifically performed.   The two contracts are similar, except that the contract with Weishuhn provides for an increase of the amount which the owner is to receive if the property is not disposed of in one year.   The legal effect of the contracts is the same. That legal effect, when the contracts receive a proper construction, is, not a contract of sale of any interest in the lands described, but a contract of agency, in which the parties are to divide profits which might accrue upon a survey and subdivision and sale of the lands, with no obligation assumed by the complainant to survey and subdivide and sell the lands.   I do not desire to be understood to mean that there was no consideration for the contracts, but merely to point out that complainant could not have been compelled to execute the contracts on his part.

[1] The specific performance of a contract is not, as I understand the law, a matter of right, but is a matter addressed to the sound judicial discretion of the court.

[2] Reaching the conclusion outlined above, in the construction of the two contracts, and considering the terms of the instrument, I am of the opinion that the case made by the bill is not such as will support a decree for specific performance, and, this being the only equity in the bill, the motion to dismiss will therefore be granted.